■ STEVEN C. DUNNE, Appellant, et al., Plaintiff, v VILLAGE COMMONS HEALTH & RACQUET CLUB, INC., et al., Respondents.

[675 NYS2d 881] —In an action to recover damages for personal injuries, etc., the plaintiff Steven C. Dunne appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 2, 1997, which denied his motion for an order pursuant to CPLR 3215 (d) directing that proceedings for the entry of a judgment against the nonappearing defendants be conducted at the time of trial against the appearing defendant and for leave to amend his complaint, and dismissed the complaint as against the nonappearing defendants B.K. Fitness, Inc., and New York Barbell Corporations. The appeal brings up for review so much of an order of the same court, dated October 8, 1997, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from so much of the order dated April 2, 1997, as denied that branch of the appellant's motion which was to amend the complaint as against the defendant Village Commons Health & Racquet Club, Inc., and so much of the order dated October 8, 1997, as, upon reargument, adhered to that prior determination, are dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated April 2, 1997, as denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the nonappearing defendants pursuant to CPLR 3215 (d) is dismissed, without costs or disbursements, as that order was superseded by the order dated October 8, 1997, made upon reargument; and it is further,

Ordered that the order dated October 8, 1997, is reversed insofar as reviewed, as a matter of discretion, without costs or disbursements, that branch of appellant's motion which was for leave to enter an order pursuant to CPLR 3215 (d) directing that proceedings for the entry of a judgment against the nonappearing defendants be conducted at the time of trial against the appearing defendant is granted, and the order dated April 2, 1997, is modified accordingly.

Under the circumstances of this case, we find that the court improvidently exercised its discretion in denying that branch of the appellant's motion which was for leave to enter a default judgment against the nonappearing defendants. Although the appellant failed to seek entry of a default judgment within one year following the nonappearing defendants' default in answering the complaint, the appellant offered a reasonable excuse for the delay and demonstrated that the complaint was meritorious (see, CPLR 3215, 2004; *Hoffmann v Salitan,* 203 AD2d 91). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.